UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGOINVEST DD, | ) |
| Petitioner, | ) Case No. 1:03CV01315 (RJL) |
| v. | ) |
| DEMOCRATIC REPUBLIC OF CONGO and SOCIETE NATIONALE D'ELECTRICITE (S.N.E.L.), | ) |
| Respondents. | ) |

**MOTION FOR ORDER DIRECTING METHOD TO EFFECT SERVICE OF PROCESS ON DEFENDANT SOCIETE NATIONALE D'ELECTRICITE**

Plaintiff Energoinvest DD, through undersigned counsel, respectfully moves that the Court enter an order directing service of process on defendant Société Nationale D'Electricité ("SNEL") by Federal Express or DHL courier pursuant to the service provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(b)(3)(C), because the proposed method of service is reasonably calculated to give actual notice of this action to SNEL in accordance with the FSIA and due process and is consistent with the laws of the Democratic Republic of the Congo.

Dated: January 5, 2004
        Washington, D.C.

Respectfully submitted,

SHEARMAN & STERLING LLP

By: _____
Neil H. Koslowe
E-mail: neil.koslowe@shearman.com
SHEARMAN AND STERLING LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2604
Telephone: (202) 508-8000
Facsimile:  (202) 508-8100
Attorneys for Energoinvest DD

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGOINVEST DD, | ) |
| | ) |
| Petitioner, | ) Case No. 1:03CV01315 (RJL) |
| | ) |
| v. | ) |
| | ) |
| DEMOCRATIC REPUBLIC OF CONGO and SOCIETE NATIONALE D'ELECTRICITE (S.N.E.L.), | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
ORDER DIRECTING METHOD TO EFFECT SERVICE OF PROCESS ON
DEFENDANT SOCIETE NATIONALE D'ELECTRICITE**

Plaintiff Energoinvest DD ("Energoinvest"), through undersigned counsel, respectfully submits this Memorandum in support of its Motion for an Order Directing Method to Effect Service of Process on Defendant Société Nationale D'Electricité ("SNEL"), an agency or instrumentality of the government of the Democratic Republic of the Congo ("DRC"). Service of process by Federal Express or DHL courier is a feasible and fair method to effect service on SNEL as it is reasonably calculated to give actual notice and is consistent with the laws of the DRC. Accordingly, the Court should grant this motion and enter an order directing that service shall be made by delivering copies of the verified petition for confirmation and notice of suit, together with a translation of each into the official language of the DRC, by Federal Express or DHL courier, to Muyumba Kalembe, Director General, SNEL, 2831 Avenue de la Justice, Boite Postale 500, Kinshasa-Gombe, Democratic Republic of the Congo.

**BACKGROUND**

On June 18, 2003, plaintiff's counsel sent SNEL a copy of the verified petition for confirmation and notice of suit, together with the translations of each in the official language of the DRC, by Federal Express.  Federal Express records indicate the papers were delivered on June 24, 2003, and were sighed for by a Madame Kyame.  *See* Exhibit 1.  On August 8, 2003, to conform with the requirements of the Foreign Immunities Act, 28 U.S.C. §1608(b)(3)(B), the Clerk of the Court again dispatched a copy of these papers, this time by registered mail, return receipt requested pursuant to 28 U.S.C. §1608(b)(3)(B).  These papers were jointly and simultaneously delivered with the necessary papers for a related action (Civil Action No. 03-1314), albeit with separate cover letters and in separate envelopes.  The postal receipt for the Civil Action No. 03-1314 service was signed on September 2, 2003. *See* Exhibit 2.  However, the postal receipt for service in this action was not returned.

## ARGUMENT

Under the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq*. ("FSIA"), a court may direct service by order "consistent with the law of the place where service is to be made."  28 U.S.C. §1608(b)(3)(C).  As set forth below, court-directed service is appropriate, here, because it is reasonably calculated to give actual notice, as required by §1608(b)(3), and is consistent with the laws of the DRC.

First, because SNEL is an "agency or instrumentality of a foreign state" as defined by the FSIA under §1603(b), court-directed service of process is appropriate where (1) service cannot be effected in accordance with any special arrangement for service between plaintiff and the agency or instrumentality or (2), if no special arrangement exists, by service on an authorized agent in the United States or in accordance with an applicable international convention on service of judicial documents.  §1608(b)(1)-(2).  Because there is no special

2

arrangement for service of process between Energoinvest and SNEL, no known agent for service of process in the United States, and no applicable convention on service, Energoinvest served process on SNEL in the manner prescribed alternatively by the FSIA under § 1608(b)(3)(B): "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served." § 1608(b)(1)–(3). *See also* H.R. Rep. 94-1487, 1976 U.S.C.C.A.N. 6004, \*\*6624. Given that SNEL failed to return a signed receipt confirming delivery, as it did for those Civil Action No. 03-1314 papers served concurrently, it is appropriate that the court direct service by courier under § 1608(b)(3)(C).

      Further, service of process by courier is a feasible and fair method to effect service of process and is reasonably calculated to give actual notice of the suit. *See Dibrell Bros. Tobacco Co., Inc., v. Rafidain Bank*, Civ. No. 93-0993, 1993 WL 208888 (D.D.C. June 4, 1993) (directing service by courier at defendant's offices in Baghdad because other methods of service process on defendants were unavailable), *entering judgment by default*, 1994 WL 324331 (D.D.C. June 15, 1994). As was the case in *Rafidain Bank*, alternative methods of serving process on SNEL are equally unavailable and ineffective. Here, it can be reasonable inferred that SNEL's failure to return the receipt for the registered mailing of August 8, 2003, was due to the inefficiency or instability of the DRC mail system, factors similar to those presumably considered by the Court in *Rafidian Bank*. Service by Federal Express or DHL courier is both authorized by the FSIA, as demonstrated in *Rafidain Bank*, and, therefore, appropriate under the circumstances.

      Second, after exhausting all reasonable efforts, counsel for Energoinvest have not discovered any indication that the laws of the Democratic Republic of Congo prohibit

service of process by courier, such as Federal Express or DHL courier.  SNEL has already evidenced its ability to accept and sign for documents sent by Federal Express.  *See* Exhibit 1.  Accordingly, it is appropriate under §1608(b)(3)(C) for the Court to direct this method of service.

## **CONCLUSION**

For the reasons set forth above, Energoinvest respectfully requests that the Court grant its motion and order service of process on defendant SNEL by the means set forth above.

Dated: January 5, 2004
      Washington, D.C.

                            SHEARMAN & STERLING LLP

                            By:  _____
                            Neil H. Koslowe
                            E-mail: neil.koslowe@shearman.com
                            SHEARMAN AND STERLING LLP
                            801 Pennsylvania Avenue, N.W.
                            Washington, D.C. 20004-2604
                            Telephone: (202) 508-8000
                            Facsimile:  (202) 508-8100

                            **Attorneys for Energoinvest DD**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGOINVEST DD, | ) |
| | ) |
| | ) Case No. 1:03CV01315 (RJL) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| DEMOCRATIC REPUBLIC | ) |
| OF CONGO and SOCIETE NATIONALE | ) |
| D'ELECTRICITE (S.N.E.L.), | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

It is hereby ordered that plaintiff's motion for an order directing service of process on defendant Société Nationale D'Electricité by Federal Express or DHL courier is hereby granted.

Date: _____, 2003

RICHARD J. LEON
United States District Judge

5

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing Motion for Order Directing Method to Effect Service of Process on Defendant Societe Nationale D'Electricite was served via Federal Express, signature required, on January 5, 2004, on all parties and on SNEL's counsel of record as identified on the attached Service List.

_____
Neil Koslowe

## SERVICE LIST

**Leonard She Okitundu**
Ministere des Affaires Etrangeres
Place de l'Independence
Boite Postale 7100
Kinshasa-Gombe
Republique Democratique du Congo


**Muyumba Kalembe**,
Director General
Societe Nationale d'Electricite
2831 Avenue de la Justice
Boite Postale 500
Kinshasa-Gombe
Republique Democratique du Congo


**Didier Joseph & Daniel Fauquet**
CMS Bureau Francis Lefebvre
　　　*Counsel for Societe Nationale d'Electricite*
1-3, Villa Emile Bergerat
92522 Neuilly-sur-Seine Cedex
France